# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> v. <br><br> Steven Johnson, <br><br> Defendant. | Criminal Case No. 16-127 (JEB) <br> Judge Beryl A. Howell |

## MEMORANDUM OPINION

The defendant, Steven Johnson, was indicted, on July 14, 2016, for one count of unlawful possession with intent to distribute five hundred grams or more of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii) and one count of using, carrying, and possessing a firearm during a drug trafficking offense, in violation of Title 18, United States Code, Section 924(c)(1). Indictment at 1–2, ECF No. 3. At his post-indictment detention hearing held on July 18, 2016, the government's oral motion to detain the defendant pending trial was granted, and the defendant's motion for release from custody was denied. *See* Min. Entry (July 18, 2016). This Memorandum and Order sets out the findings and reasons for the defendant's detention. *See* 18 U.S.C. § 3142(i) (requiring that a detention order "include written findings of fact and a written statement of the reasons for the detention"); *see also United States v. Nwokoro*, 651 F.3d 108, 109 (D.C. Cir. 2011) (noting that the Bail Reform Act requires pretrial detention order be supported by "'a clear and legally sufficient basis for the court's determination'" in written findings of fact and a written statement of the reasons for the detention or in "'the transcription of a detention hearing'" (quoting *United States v. Peralta*, 849 F.2d 625, 626 (D.C. Cir. 1988))) (per curiam).

1

## I. BACKGROUND AND FINDINGS

At the detention hearing on July 18, 2016, the government proffered in support of its detention motion that, from approximately July 1–4, 2016, a confidential informant observed the defendant engaging in narcotics transactions at his residence, a single-family row house, located at 441 19th Street N.E., Washington, D.C. The defendant would receive a phone call, go to the door of his residence, receive currency, return inside to the basement, retrieve what was believed to be crack cocaine, and then return to the door. The confidential informant also informed the authorities that the defendant possessed at least one firearm.

On July 12, 2016, the Metropolitan Police executed a search warrant at the defendant's residence and the defendant answered and opened the door. The defendant informed the officers that he resided in the basement, information corroborated by his mother, who is the only other resident of the house. In the basement, the officers found an invoice or bill, which contained the defendant's first and last name as well as the search warrant location address. In the upstairs area of the house, the officers found the defendant's wallet with his driver's license, which also listed the search warrant location address. Further, the government noted that law enforcement databases had this same address listed for the defendant based on his prior criminal history.

Upon executing the search warrant, the officers recovered from the basement approximately two kilograms of cocaine, empty plastic bags, digital scales, gloves, a bullet-proof vest, approximately $185,000 in cash, two semiautomatic rifles, firearm magazines for a B.B. gun rifle, and a gun magazine with a 100-round ammunition drum. The two rifles appeared to be loaded with ammunition and operable. The cocaine, valued between $20,000 and $40,000, and a portion of the cash were located in a safe, while the bullet-proof vest and B.B. gun rifle magazines were in plain view.

Following his arrest on the same day as the execution of the search warrant, the defendant was ordered temporarily detained, at the government's request, *see* Min. Entry (July 13, 2016), and was subsequently indicted.

## II. LEGAL STANDARD

The Bail Reform Act of 1984 provides a "regulatory device . . . to provide fair bail procedures while protecting the safety of the public and assuring the appearance at trial of defendants found likely to flee." *United States v. Montalvo-Murillo*, 495 U.S. 711, 719–20 (1990); *see also United States v. Singleton*, 182 F.3d 7, 9 (D.C. Cir. 1999) ("The Act establishes procedures for each form of release, as well as for temporary and pretrial detention."). Under the Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, a judicial officer "shall order" a defendant's detention before trial if, after a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id*. § 3142(e)(1). The judicial officer considering the propriety of pretrial detention must consider four factors:

> (1) the nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance, [or] firearm;
> (2) the weight of evidence against the person;
> (3) the history and characteristics of the person, including . . . the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and . . . whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*Id.* § 3142(g).

The government is required to demonstrate the appropriateness of pretrial detention by clear and convincing evidence. *See id.* § 3142(f). When, however, "there is probable cause to believe that the [defendant] committed . . . an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 *et seq.*)," a rebuttable presumption is triggered "that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community." *Id.* § 3142(e)(3)(A). The D.C. Circuit has made clear that the Court "may rely on a grand jury indictment to establish probable cause for the purpose of triggering the rebuttable presumption of section 3142(e)." *United States v. Williams*, 903 F.2d 844, 844 (D.C. Cir. 1990) (per curiam) (unpublished); *see also United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996) ("[T]he indictment alone would have been enough to raise the rebuttable presumption that no condition would reasonably assure the safety of the community." (citing authorities)). Notwithstanding the grand jury's finding of probable cause, the Court must evaluate the weight of the evidence against a defendant to determine whether pretrial detention is proper. *Id.* § 3142(g)(2).

## III.    DISCUSSION

Consideration of the four factors, under 18 U.S.C. § 3142(g), as discussed below, establishes that pretrial detention is warranted here.

First, with respect to the nature and circumstances of the offense, the defendant is charged in the Indictment with two serious drug trafficking and gun charges, each of which carries a mandatory minimum sentence of five years' imprisonment and the gun charge requiring consecutive punishment. *See* Indictment at 1–2 (Count One charging violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii)) and Count Two charging violation of 18 U.S.C. § 924(c)(1)); 21

U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii); 18 U.S.C. §§ 924(c)(1)(A)(i), 924(c)(1)(D)(ii). Thus, if convicted, the defendant faces a mandatory minimum sentence of ten years of incarceration, and a maximum sentence of life. *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii); 18 U.S.C. §§ 924(c)(1)(A)(i), 924(c)(1)(D)(ii). Consequently, the rebuttable presumption required under 18 U.S.C. § 3142(e)(3)(a) and (b), applies here.

Second, as to the weight of the evidence against the defendant, a grand jury has returned an indictment establishing that probable cause exists to find that the defendant committed the charged offenses. *See generally* Indictment. While the indictment is not dispositive of this factor, the weight of the evidence against the defendant is substantial. The evidence recovered by the government from the defendant's basement residence to support the charges in this case includes, according to its proffer before the Court, approximately two kilograms of cocaine, paraphernalia associated with conducting a drug-trafficking operation, a bullet-proof vest, approximately $185,000 in cash, two semiautomatic rifles, firearm magazines for a B.B. gun rifle, and a gun magazine with a 100-round ammunition drum. The defendant does not contest that the location where the search warrant was executed is his residence and, indeed, he was present at the residence at the time of the search.

In an effort to challenge the weight of the evidence, the defendant asserts two points: first, he indicates that the propriety of the search may be contested at a later point in this case, but otherwise does not contest any of the information presented in the search warrant application. Second, the defendant argues that that the drugs and guns did not belong to him, suggesting that his role was merely to store these items for other persons. Notably, the defendant does not deny that he was aware of the items recovered from his residence, and any such denial would be inconsistent with the evidence that certain evidence, such as the bullet-proof vest and B.B. gun

5

magazine, were in plain view, and that a confidential informant observed the defendant selling narcotics from the residence in the days prior to execution of the search warrant. Moreover, even if the seized contraband "belonged" to other persons, the defendant's assistance to these other persons in drug-trafficking activities, while in possession of firearms to further such activities, falls far short of mitigating his criminal culpability or the weight of the evidence.

Third, regarding his "history and characteristics," the defendant proffered that he is a life-long resident of Washington, D.C., and has raised two children, who are now eighteen and will be attending college this fall. Despite the defendant's two misdemeanor prior drug convictions, in 2006 and 2009, it appears that he has been law abiding for most of his life. The defendant attended college, and maintained employment as a network engineer for twenty-five years for a variety of employers, including the United States Department of Defense, until his termination several years ago. Further, due to his chronic medical conditions, the defendant's left foot has been amputated. The defendant also proffered that he lives alone with his mother, for whom he cares since she, too, suffers from several chronic health problems. While the defendant's background and ties to this jurisdiction favor release, these considerations are not sufficient to overcome the presumption of detention given the seriousness of the charges he now faces and the weight of the evidence supporting those charges.

Finally, with respect to the last factor regarding the nature and seriousness of the danger to any person or the community that would be posed by the person's release, the defendant's possession of a substantial quantity of drugs, as well as two rifles, along with ammunition, including a 100-round drum, pose a high risk to the community. This clear danger to others is not overcome by any evidence that the defendant proffered at the hearing.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that the defendant has failed to rebut the presumption for detention that applies here, and the government has demonstrated "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* § 3142(e)(1). Accordingly, the government's motion for continued detention is granted and the defendant's motion for release from custody is denied. The defendant shall remain in the custody of the Attorney General for confinement without bond pending a final disposition in this case.

Date: July 22, 2016

_____
BERYL A. HOWELL
Chief Judge